United States District Court
District of Massachusetts

|  |  |  |
|---|---|---|
| **Legal Sea Foods, LLC,** | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. |
| | ) | 20-10850-NMG |
| **Strathmore Insurance Company,** | ) | |
| Defendant. | ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

This case arises out of a dispute between a seafood restaurant chain and its insurance provider over insurance coverage for business interruption losses suffered as a result of the COVID-19 pandemic lockdown.

In June, 2020, defendant Strathmore Insurance Company ("defendant" or "Strathmore") filed a motion to dismiss the complaint filed by plaintiff Legal Sea Foods, LLC ("plaintiff" or "Legal").  Legal filed an opposition and both parties sought and were granted leave to file replies.

Also with leave of Court, plaintiff filed an amended complaint in October, 2020.  Each party then filed a short, supplemental memorandum in further support of their positions with respect to the motion to dismiss.  Because many similar

-1-

lawsuits have been filed nationwide due to the hardships caused by the COVID-19 pandemic lockdown, both parties have submitted notices of supplemental authorities to advise the Court of recent relevant decisions.

Pending before the Court is the motion of Strathmore to strike Legal's second notice of supplemental authorities because it contains additional argument characteristic of yet another supplemental memorandum.

I.   **Motion to Strike**

Nothing in the Federal Rules of Civil Procedure or the local rules of this Court directly regulates the filing and content of notices of supplemental authorities.  Nevertheless, they are "commonly used in the federal court system" to alert courts to subsequent decisions relevant to a pending motion. Sisk v. Abbott Labs., No. 1:11-cv-159, 2012 U.S. Dist. LEXIS 49219, at *1 (W.D.N.C. Apr. 9, 2012).  Several courts have held that it is improper for a notice to include legal argument accompanying the cited authority. See, e.g., McGee v. Cole, 993 F. Supp. 2d 639, 644 (S.D.W. Va. 2014) (allowing exhibits but striking legal arguments presented in a notice of supplemental authority); United Broadcasting Corp. v. Miami Tele-Communications, 140 F.R.D. 12, 13 (S.D. Fla. 1991) ("[A] notice of supplemental authority that raises an argument . . . is in

fact an attempt at a sur-response, which is not permitted in the absence of court order."); Hagens Berman Sobol Shapiro LLP v. Rubinstein, No. C09-0894 RSM, 2009 U.S. Dist. LEXIS 104619, at *3 (W.D. Wash. Oct. 22, 2009) ("Th[e] notice of supplemental authority was improper first because it contained argument regarding the case, and second because the case was decided before the [motion was filed].").

Strathmore asserts, and this Court agrees, that Legal's second notice of supplemental authorities contains a certain amount of impermissible case analysis and legal argument.  Motions to strike are a generally disfavored remedy, however, and district courts have considerable discretion in deciding such motions. See Pineda v. Skinner Servs., No. 16-cv-12217, 2020 U.S. Dist. LEXIS 177867, at *17-18 (D. Mass. Sept. 28, 2020) (collecting cases). Accordingly, the Court will consider the authorities cited in plaintiff's second notice but it will disregard any argument or commentary contained therein.

### ORDER

For the foregoing reasons, the motion of defendant to strike plaintiff's second notice of supplement authorities (Docket No. 44) is **DENIED.**

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated February 3, 2021